Larry Zerner (SBN 155473)
Law Offices of Larry Zerner
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067
(310) 773-3623
Email: Larry@ZernerLaw.com

Attorneys for Plaintiff KIMBERLY BOYLE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BOYLE<br><br>        Plaintiff,<br><br>    vs.<br><br>ADLER & ASSOCIATES ENTERTAINMENT, LLC, a California LLC; AMAZON.COM, INC., a Delaware corp.; DREAMSCAPE MEDIA, LLC., an Ohio LLC; and DOES 1-10, inclusive,<br><br>        Defendants | Case No.: 2:19cv00893-GW(SKx)<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL<br>(F.R.C.P. Rule 38) |

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE**

**RELIEF FOR COPYRIGHT INFRINGEMENT**

Plaintiff KIM BOYLE, ("Plaintiff") alleges against ADLER & ASSOCIATES ENTERTAINMENT, LLC, a California LLC; AMAZON.COM, INC., a Delaware corporation; DREAMSCAPE MEDIA, LLC., an Ohio LLC; and DOES 1-10 ("Defendants") as follows:

## I.   THE PARTIES

1. Plaintiff is a screenwriter, residing in the state of Arizona.

2. Upon information and belief, Defendant Adler & Associates Entertainment, LLC is a California LLC corporation with its principal place of business in Burbank, CA.

3. Upon information and belief, Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington.

4. Upon information and belief, Defendant Dreamscape Media, LLC is an Ohio LLC with its principal place of business in Holland, OH.

6. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts,

for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe defendants and the known Defendants are referred to hereinafter collectively as "Defendants."

## JURISDICTION AND VENUE

1. The present action arises under the Copyright Act, Title 17, Section 101, et seq., of the United States Code.

2. Jurisdiction is conferred on this Court by 28 U.S.C. Section 1338(a).

3. Venue lies in the Central District of California under 28 U.S.C § 1391(a) and (b) and 28 U.S.C. Section 1400(a).

## FACTS COMMON TO CLAIMS OF RELIEF

4.    In or about 2007, Plaintiff wrote a motion picture screenplay titled *Casanova – Lost & Found* ("the Screenplay"). Boyle registered the Screenplay with the U.S. Copyright Office on May 22, 2014 and received registration number PAu003726542.

5. On or about November 4, 2014, Boyle entered into a Screenplay Option Purchase Agreement ("the Option Agreement") with a woman named Charis Feeney-Orchard ("Charis").  Under the terms of the Option Agreement, Charis paid Boyle $500 for a one-year option to purchase the Screenplay. In order to

execute the option and purchase the Screenplay, the purchase price was set at an amount equal to 3% of the final budget of the picture, with a minimum payment of $125,000 and maximum payment of $250,000. Charis also could extend the option period for an additional year by giving Boyle written notice and paying her $1,000 prior to the expiration of the option period (i.e., November 4, 2015).

6. Charis did not pay the purchase price or pay the option extension fee by the due date. Therefore, under the terms of the Option Agreement, all the rights to the Screenplay reverted to Boyle on November 4, 2015.

7. However, Boyle learned that even though Charis had not paid the purchase price of $125,000 set forth in the Option Agreement, Charis had indeed produced a motion picture based on Boyle's screenplay without ever notifying her. The motion picture's title was changed to Perfect Piece but Boyle was credited as the screenwriter in the credits of the movie and on IMDB.com.

8. On or about January 5, 2016, Boyle's attorney, Jay Kenoff of Kenoff & Machtinger, LLP sent a letter to Charis demanding that she stop all further attempts to distribute the picture until the purchase price of $125,000 was paid in full. After receiving the letter, Charis refused to pay the purchase price.

9. Subsequently on August 8, 2016, Boyle attempted to resolve the dispute by having Charis instruct Defendant Adler & Associates Entertainment ("Adler") and

any distributors, sub-licensees, agents, or representatives of the film to remit payment to Boyle until she received $125,000.  A written agreement was prepared and sent to Charis and Adler on August 8, 2016.

10.  However, this agreement was conditioned upon Adler and Charis agreeing to these terms and signing it by August 22, 2016.  Adler never signed the agreement; accordingly, no agreement was entered into.

11. Despite the fact that Charis and Adler never obtained any right to distribute a movie based on the Screenplay, Adler is actively distributing the picture and it is currently available for viewing on Amazon Prime.

12.  Upon information and belief, Charis and Adler entered into a contract with Defendant Dreamscape Media to release the picture on DVD.  Dreamscape is currently distributing the picture on DVD throughout the United States.

13. On or about October 30, 2018, Boyle notified Amazon.com by email that the picture was being streamed on Amazon Prime without her permission or any license from Boyle.  Amazon acknowledged receipt of Boyle's email but has to date taken no steps to remove the picture from Amazon Prime.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement Against All Defendants)

14. Plaintiff re-alleges and incorporates by reference, as though set forth in full, paragraphs 1 through 13 above as though fully set forth herein.

15. Defendants, and each of them, have infringed Boyle's copyright in the Screenplay by copying, distributing and exhibiting a motion picture titled *Perfect Piece* based on Boyle's screenplay without Boyle's permission.

16. As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to her actual damages in addition to Defendants' profits that are attributable to the copyrighted material; alternatively, Plaintiff is entitled to statutory damages for infringement in the maximum statutory amount allowed.

17. Furthermore, in acting as alleged above, Plaintiff is informed and believes, and on that basis allege, that when Defendants took the actions complained of above, they did so knowing that these acts infringed Plaintiff's copyright and therefore Plaintiff is entitled to additional damages in an amount to be proven at trial for willful and knowing infringement, but in no event less than $150,000.

18. Defendants threaten to continue to act as alleged above, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury. The amount of compensation which would afford adequate relief to Plaintiff for such injury will be difficult to ascertain. The wrongful acts of Defendants are of a continuing nature and will require a multiplicity of judicial proceedings.

Accordingly, Plaintiff's remedy at law is inadequate, and Plaintiff is entitled to preliminary and permanent injunctive relief to enjoin the wrongful conduct of Defendants alleged above.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That Defendants be required to pay Plaintiff such damages as Plaintiff has sustained or will sustain by reason of Defendant's conduct, and to account for all gains, profits and advantages derived by Defendant from such conduct but in no event less than $150,000.

2. That all items which infringe Plaintiff's copyright be impounded surrendered up and forfeited to Plaintiff for destruction or other disposition.

3. That Defendants and Defendants' agents, servants, and employees, and each of them, and all persons acting in concert and participation with them, be enjoined and restrained during the pendency of this action and permanently thereafter from infringing any and all of the copyrights in her screenplay, by, among other things, copying, distributing, and broadcasting the Picture; and

4. That Defendants be required to pay to Plaintiff its attorneys' fees and costs incurred in connection with the prosecution of this action; and

5. For such other and further relief as the Court deems appropriate.

DATED: April 10, 2019            LAW OFFICES OF LARRY ZERNER

By: /s/Larry Zerner_____
    Larry Zerner
    Attorney for Plaintiff Kimberly Boyle

### DEMAND FOR TRIAL BY JURY

Plaintiff Kimberly Boyle pursuant to Rule 38 of the Federal Rules of Civil Procedure hereby demands trial by jury of all issues so triable in the present action.

DATED: April 10, 2019       LAW OFFICES OF LARRY ZERNER

By: __/s/Larry Zerner_____
    Larry Zerner
    Attorney for Plaintiff Kimberly Boyle