Amy B. Lawrence, Esq. - Bar # 115874
LAWRENCE & ASSOCIATES
Attorneys at Law
2550 N. Hollywood Way, Suite 202
Burbank, CA 91505
Telephone: (818) 843-6442
Facsimile: (818) 566-7875
Email: ablawrence@lawandassoc.com

Attorneys for Defendant
ADLER & ASSOCIATES ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BOYLE<br><br>Plaintiff,<br><br>vs.<br><br>ADLER & ASSOCIATES ENTERTAINMENT, LLC, a California LLC; AMAZON.COM, INC., a Delaware corp.; DREAMSCAPE MEDIA, LLC, an Ohio LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:19CV00893-GW(SKx)<br><br>**REPLY BY DEFENDANT ADLER & ASSOCIATES ENTERTAINMENT, LLC RE MOTION TO COMPEL ARBITRATION AND TO DISMISS AND/OR STAY THE LITIGATION**<br><br>Date:      June 20, 2019<br>Time:      8:30 a.m.<br>Courtroom: 9D<br><br>Trial Date: None Set<br><br>Judge: Hon. George H. Wu |

## I. INTRODUCTION

Plaintiff's opposition to Adler's[1] Motion to Compel Arbitration and to Dismiss and/or Stay the Litigation (the "Motion") mischaracterizes the issue before the Court and fails to provide the Court any proper legal or factual basis to deny Plaintiff's Motion.

---

[1] Capitalized terms herein retain the same defined meaning as in the Motion.

**REPLY RE DEFENDANT ADLER'S MOTION TO COMPEL ARBITRATION**

Critically, Plaintiff's opening assertion in her introduction - *i.e.*, that <u>no</u> signatory to an arbitration agreement is a party to this lawsuit - is unequivocally false and misleading. Plaintiff herself is a signatory of the Rights Agreement which contains the arbitration provision which Adler, as a third party, may enforce. Once presented with a similar Motion to Compel Arbitration, Plaintiff dismissed the other signatory - the Director/Producer.

Plaintiff's second assertion in her introduction - *i.e.* that Plaintiff was never paid, and thus Writer/Director never obtained rights to the screenplay under the Rights Agreement - fails because a dispute over whether a contract is in effect does <u>not</u> defeat an arbitration clause therein, which is separable from the rest of the contract. (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1199.)

Plaintiff's third assertion in her introduction - *i.e.* that no arbitration can be compelled because Plaintiff has not filed a "breach of contract" action - is demonstrably false because federal courts do indeed compel arbitration of *copyright infringement* claims based on agreements containing arbitration clauses. (*See ValueSelling Assocs., LLC v. Temple* (S.D.Cal. 2009) 2009 U.S.Dist.LEXIS 104174 (compelling arbitration of copyright infringement action against signatories and nonsignatories based on licensing agreement).)

For these and the other reasons discussed below and, in the Motion, Adler's Motion should be granted.

## II. PLAINTIFF'S LEGAL ANALYSIS IS INCORRECT; ARBITRATION MAY BE COMPELLED BY NON-SIGNATORY DEFENDANTS IN A COPYRIGHT INFRINGEMENT ACTION BASED UPON INTERTWINED UNDERLYING AGREEMENTS[2]

As an initial observation, Plaintiff incorrectly asserts that Adler's Motion is

---

[2] Plaintiff's opposition also fails to use the font size required in federal court.

2

**REPLY RE DEFENDANT ADLER'S MOTION TO COMPEL ARBITRATION**

based solely on equitable estoppel. Adler also asserts a right to compel arbitration on the well-established grounds of *third-party beneficiary* and *acceptance of benefits* (*see* Motion, p. 17, citing multiple cases).

In any event, Plaintiff's legal analysis is clearly misguided: federal courts do indeed apply equitable estoppel to compel arbitration of <u>copyright infringement</u> claims based upon underlying agreements. In *ValueSelling Assocs., LLC v. Temple*, the plaintiff filed, among other things, a copyright infringement claim; the signatory and non-signatory defendants moved to compel arbitration based on three license agreements containing arbitration clauses. *ValueSelling Assocs., LLC v. Temple* (S.D.Cal. 2009) 2009 U.S.Dist.LEXIS 104174, at *2. As to the signatories, the court held:

> "The dispute involving Defendants' use of Plaintiffs' trademarked and copyrighted material is directly connected to Defendant Temple's status as former owner and licensee of the trademark and copyright material. . . .
>
> . . . Thus, the only way Defendant had access to the materials in order to infringe upon them, was by virtue of his contractual relationship with Plaintiffs. Therefore, the copyright and trademark infringement claims are dependent upon the relationship and the contracts entered into by the parties, all containing arbitration clauses. Therefore, these claims are subject to arbitration."

*Id.* at *8.) As to the <u>non-signatory</u> defendants, the Court cited the legal precedents for compelling arbitration based on "Equitable Estoppel Theory" (*id.* at 16) and concluded this theory did indeed require plaintiff to arbitrate its claims against the non-signatories as well: "the fact that ESG was not a party to the contracts containing the arbitration provisions does not prevent the claims from being arbitrated." (*Id.* at *18.)

Nor can Plaintiff successfully distance her copyright claim from the underlying license agreements by asserting that Plaintiff "does not rely in any way of the contract in bringing the case against Adler." (Opposition, at 4:14-21.) In *Bain v. Film Indep., Inc.* (C.D.Cal. 2018) 2018 U.S.Dist.LEXIS 223682, the Central District previously ruled against this argument asserted by a plaintiff actress who had sued a film producer for copyright infringement, stating:

> "Although Bain asserts that her claims arise under the Copyright Act, and not the November Deal Memo, the claims Bain has asserted against Haid in this matter at least 'touch matters' contained in the November Deal Memo. *Simula,* 175 F.3d at 721. Specifically, paragraph 12 of the November Deal Memo, which involves the assignment of intellectual property rights, waiver of copyright claims, and a duty to keep confidential "all written, creative, technical and financial details of the production unless authorized or requested by the Producer" **encompasses Bain's copyright infringement, DMCA, and conversion claims** asserted against Haid in this action."

*Bain v. Film Indep., Inc.* (C.D.Cal. 2018) 2018 U.S.Dist.LEXIS 223682, at *10 (emph. added); *see also Basile v. L.A. Film Sch., LLC* (C.D.Cal. 2014) 2014 U.S.Dist.LEXIS 195106, at *1 (Central District compelled arbitration and **dismissed copyright infringement action** by a film student against Los Angeles Film School; arbitration agreement did in fact encompass the copyright claims); *Vogel v. Vogel* (C.D.Cal. 2014) 2014 U.S.Dist.LEXIS 195049, at *10 (copyright claims against consultants tasked by agreement to manage intellectual property were "sufficiently related" to the underlying agreement to fall within the scope of the arbitration clause).

The above cases illustrate that Plaintiff's analysis of the California cases cited in her Opposition, and her assertion that no arbitration can be compelled

4

**REPLY RE DEFENDANT ADLER'S MOTION TO COMPEL ARBITRATION**

because she did not bring a "contract claim," is incorrect and must be rejected. Indeed, in *Goldman*, the plaintiff did not assert a contract claim at all, but asserted claims of breach of fiduciary duty, fraud, fraudulent nondisclosure, negligent misrepresentation, and negligent nondisclosure. (*Goldman v. KPMG, LLP* (2009) 173 Cal.App.4th 209, 215.) If compelling arbitration in that case came down to the simple question of whether the plaintiff had asserted a breach of contract claim, the court would have simply said and the plaintiff did not do so and ruled thereon. Instead, the court *examined* the *tort* claims and operating agreements to see if the claims were "dependent on" or "inextricably bound up with" the contractual obligations of the agreements containing the arbitration clauses. For reasons entirely unrelated to the matter pending before this Court, *Goldman* concluded they were not. (*Id.*)

Similarly, the *Boucher* opinion does not help the Plaintiff. There, the court *granted* the defendant nonsignatory's petition to compel arbitration, finding that equitable estoppel applied where the plaintiff's claims were intimately founded in and intertwined with an employment agreement. (*Boucher v. Alliance Title Co., Inc.* (2005) 127 Cal.App.4th 262, 269-270.) Plaintiff's selective and limited quotes of the opinion, and tortured attempt to show that Plaintiff falls outside of the equitable estoppel doctrine, does nothing to negate the broader import of the opinion that the concepts of "intimately founded" and "intertwined" drove that court's decision.

Plaintiff also incorrectly claims that Adler cites no authority to compel arbitration based on the agreements between Adler and others. Adler entirely ignores Plaintiff's third-party beneficiary cases and arguments. The authority in the Motion and above supports the conclusion that if a non-signatory distributor relies upon the initial licensing agreement to *obtain* rights thereunder and thereafter enter into distribution contracts with third parties *conferring those same rights*, a third-party beneficiary theory applies to the initial licensing agreement.

Finally, Plaintiff cannot complain that her acceptance of other benefits of the contract have been identified by Adler, even though Plaintiff alleges she was not paid thereunder. Plaintiff cites no authority to support her implied assertion that the mere alleged breach of the underlying license agreement (*i.e.*, the alleged failure to pay $125,000) causes the arbitration clause to be unenforceable. Indeed, this is not the law in California: the arbitration clause is "separable from other portions of a contract" so that claims of breach, fraud in the inducement, rescission, or the invalidity of the entire contract do nor negate the arbitration provision. *St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1199. As a result, on this Motion to Compel Arbitration, Alder may show how Plaintiff accepted *other* benefits of the agreements containing arbitration clauses, regardless of Plaintiff's assertion she was not paid thereunder.

### III. PLAINTIFF'S FACTUAL ANALYSIS IS INCORRECT; A CORRECT APPLICATION OF THE FACTS REQUIRES ARBITRATION

By improperly attempting to shift the Court's attention to extraneous matters, Plaintiff actually concedes many of the critical elements of the Motion.

First, Plaintiff's complaint concedes the existence of the underlying Rights Agreement. (Complaint, par. 5.) Plaintiff, in her ***declaration*** submitted with the Opposition, also concedes the existence of the arbitration clause contained therein. (Boyle Decl., par. 2.) Thus, the existence of the arbitration provision contained within the Rights Agreement is not in dispute.

Second, Plaintiff also does not dispute the basic premise that the **only** way the film came into being **at all** was because Plaintiff entered into the Rights Agreement. Based on the Rights Agreement, the Film was made, Adler agreed to distribute it, and the other defendants entered into distribution agreements. Clearly, the parties here intended and desired to obtain the necessary contractual rights to the screenplay so that the film could be lawfully distributed. Indeed, Plaintiff ***does not dispute*** Adler's evidence that Plaintiff was well aware that the Film was being

made and distributed pursuant to the Rights Agreement, and thus concedes she was.

Third, Plaintiff entirely ignores the point in the Motion that, despite asserting a copyright claim, Boyle, in her recent correspondence, has continued to demand "payment of the $125,000 that you owe her under the terms of your option agreement," further confirming that the true controversy between the parties continues to revolve around the scope and interpretation of the Rights Agreement. (Motion, Feeney-Orchard Decl., ¶ 4, Ex. B.)

Instead of attacking any of that, Plaintiff would have this Court simply *assume* that the Rights Agreement has terminated, even though Adler has presented conflicting evidence to the Court showing otherwise. However, even that theory cannot defeat the obligation to terminate. As the Motion establishes, a party's contractual duty to arbitrate disputes may survive termination of the agreement giving rise to that duty. (*Ajida Techs., Inc. v. Roos Instruments, Inc.*, 87 Cal. App. 4th 534, 545 (2001).) Plaintiff does not cite any law or argue to the contrary.

In any event, Defendants establish that a bona fide controversy exists over whether the Rights Agreement remains in force. Plaintiff would have the Court entirely ignore Adler's assertions and evidence that, under the facts of this case, Plaintiff's interpretation of the Rights Agreement is in error, that Plaintiff was not entitled to be paid $125,000 and that the Rights Agreement is alive and well and will defeat Plaintiff's copyright claim. The fact that this low budget film was made by a student as part of her doctoral degree, and thus a "student firm," is directly relevant to the interpretation of the Rights Agreement and to show that Plaintiff's interpretation of the writer's fee provision - that she is entitled to a fee of $125,000, *which exceeds the budget of the film itself* - is in bad faith and without merit. Moreover, the facts do and/or will show that Defendants, or some of them, not only tendered the $3,750 fee required under the Rights Agreement, but further tendered

$125,000 based upon Plaintiff's threats she must be paid that amount. Plaintiff's rejection of payment cannot be the basis for Plaintiff to now reject the arbitration provision she previously agreed to.

Rather, these issues concerning the Rights Agreement, and Adler's related defense to Plaintiff's copyright claim based thereon, are necessarily included within the broad arbitration provision of the Rights Agreement, which provides: "**Any controversy or claim** arising out of **or in relation to** this Agreement or the **validity, construction or performance** of this Agreement, or the **breach** thereof" shall be arbitrated. (Motion, Feeney-Orchard Decl., ¶ 3, Ex. A (emph. added.)

Despite being a third party to the Rights Agreement, Adler's defense to this infringement action will center upon the Rights Agreement - a defense that will be asserted by all defendants (and which would have included signatory Director/Producer, had she not been dismissed).

As a result, the inescapable conclusion is that (1) Plaintiff's copyright action against Adler is "intertwined" with and/or "inextricably bound up with" the Rights Agreement, and/or (2) Adler was and is a third party beneficiary to the Rights Agreement, and/or (3) Adler accepted the benefits of the Rights Agreement, such that arbitration should be compelled and this Motion granted.

## IV. IF DISMISSAL IS NOT GRANTED, A STAY IS WARRANTED

Plaintiff does not attempt to dispute that law cited in Adler's Motion regarding stays, and thus concedes that Adler has indeed cited the law correctly. Nor does Plaintiff dispute that an arbitration has already been filed against her by Director/Producer based upon the arbitration provision in the Rights Agreement, as well as an additional arbitration by a distributor.

Rather, Plaintiff attempts to persuade the Court that no stay is required here. Plaintiff's analysis is not persuasive. Should the Court refuse to compel arbitration against Adler, Plaintiff still directly alleges in her complaint that, despite the Rights Agreement, all rights to the screenplay returned to her. Indeed, without such

allegation, Plaintiff would not have standing to bring a copyright infringement action. Thus, Plaintiff's copyright claim and the pending arbitration are intertwined with the issue of <u>who</u> holds the rights to the screenplay and the enforceability of the underlying licensing agreement itself. The mere technical fact that Plaintiff's complaint "is not a breach of contract" action was not relevant to the analysis of whether a stay is proper in the legal authorities cited in Adler's Motion, nor is it a good reason to allow Plaintiff's case to continue while the other arbitrations are deciding an identical issue. Whether based on collateral estoppel, the risk of inconsistent decisions and/or concerns of economy, all of these considerations compel the conclusion that the court proceedings should not continue simultaneously.

Plaintiff's unsupported speculation that the arbitration will be concluded before this federal lawsuit goes to trial, and that Plaintiff should be permitted to conduct discovery until then, is <u>backwards</u>. If the arbitrator concludes that the licensing agreement remains in effect, then Plaintiff has no rights in and to the screenplay and the arbitration award and judgment thereon will preclude Plaintiff's copyright action in its entirety. *There is no reason the Court and the parties should spend resources on discovery and other pre-trial proceedings where a future arbitration award can defeat Plaintiff's copyright action and entire lawsuit.* If the arbitration proceeds as quickly as Plaintiff asserts, then there is little downside to waiting for the arbitration decision.

Thus, even if the Court were to find it cannot compel Plaintiff to arbitrate against Adler, the court should stay the suit pending completion of the arbitrations.

## V.   CONCLUSION

For the foregoing reasons, Adler respectfully requests the Court to issue an order (1) compelling Boyle to submit all of her claims in this case to arbitration and (2) dismiss and/or stay this action pending completion of arbitration.

|   |   |
|---|---|
| DATED: June 27, 2019 | LAWRENCE & ASSOCIATES<br>Attorneys at Law<br><br>By: _____<br>Amy B. Lawrence<br>Attorneys for Defendant<br>ADLER & ASSOCIATES<br>ENTERTAINMENT, LLC |

**REPLY RE DEFENDANT ADLER'S MOTION TO COMPEL ARBITRATION**

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **2550 Hollywood Way, Suite 202, Burbank, California 91505.**

On June 27, 2019 I served the foregoing document described as **REPLY BY DEFENDANT ADLER & ASSOCIATES ENTERTAINMENT, LLC RE MOTION TO COMPEL ARBITRATION AND TO DISMISS AND/OR STAY THE LITIGATION** on the interested parties in this action by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY REGULAR MAIL:** I deposited such envelope in the mail 2550 Hollywood Way, Suite 202, Burbank, California 91505. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☐ **BY OVERNIGHT DELIVERY:** I caused such documents to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressees. The envelope or package was deposited with delivery fees thereon fully prepaid.

☐ **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) via electronic mail, and no error was reported. Said email was directed as indicated on the service list.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☑ **BY CM/ECF:** I electronically transmitted a true copy of said document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the aforementioned CM/ECF registrants.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 27, 2019, at Los Angeles, California.

Raisa Rosa

## SERVICE LIST

| | |
|---|---|
| Larry Zerner<br>LAW OFFICES OF LARRY ZERNER<br>1801 Century Park East, Suite 2400<br>Los Angeles, CA 90067 | E: larry@zernerlaw.com<br><br>Tel: (310) 773-3623<br>Fax: (310) 388-5624<br><br>*Representing plaintiff Kimberly Boyle* |
| Gregory L. Doll<br>Jamie Olivia Kendall<br>Brett H. Oberst<br>Doll Amir & Eley LLP<br>725 South Figueroa Street, Suite 3275<br>Los Angeles, CA 90017 | E: boberst@dollamir.com<br>   gdoll@dollamir.com<br>   jkendall@dollamir.com<br><br>Tel: (213) 542-3380<br>Fax: (213) 542-3381<br><br>*Representing Defendant Amazon.com* |
| Marc Victor Allaria<br>Litchfield Caov LLP<br>251 South Lake Avenue Suite 750<br>Pasadena, CA 91101 | E: allaria@litchfieldcavo.com<br><br>Tel: (626) 683-1100<br>Fax: (626) 683-1113<br><br>*Representing Defendant Dreamscape* |