Amy B. Lawrence, Esq. - Bar # 115874
LAWRENCE & ASSOCIATES
Attorneys at Law
2550 N. Hollywood Way, Suite 202
Burbank, CA 91505
Telephone: (818) 843-6442
Facsimile: (818) 566-7875
Email: ablawrence@lawandassoc.com

Attorneys for Defendant
ADLER & ASSOCIATES ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BOYLE<br><br>Plaintiff,<br><br>vs.<br><br>ADLER & ASSOCIATES ENTERTAINMENT, LLC, a California LLC; AMAZON.COM, INC., a Delaware corp.; DREAMSCAPE MEDIA, LLC, an Ohio LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  2:19CV00893-GW(SKx)<br><br>**JOINT STATUS REPORT BY ALL PARTIES FOLLOWING DEFENDANT ADLER & ASSOCIATES ENTERTAINMENT, LLC'S MOTION TO COMPEL ARBITRATION AND TO DISMISS AND/OR STAY THE LITIGATION**<br><br>Continued Hearing Date:  9/12/19<br>Time:  8:30 a.,.<br>Courtroom:  9D<br><br>Trial Date:<br><br>Judge: Hon. George H. Wu |

THE PARTIES HEREBY SUBMIT THEIR JOINT STATUS REPORT PURSUANT TO THE COURT'S MINUTE ORDER DATED 7/15/19

### I.   BACKGROUND FACTS.

On July 15, 2019, the Court commenced the hearing on the Motion to Compel Arbitration and to Dismiss and/or Stay the Litigation ("Motion") filed by Defendant Adler & Associates Entertainment, LLC and joined in by

---

**DEFENDANT ADLER'S MOTION TO COMPEL ARBITRATION**

Defendants Dreamscape and Amazon.

As described in the Motion, two separate arbitrations were previously filed by certain defendants before the Independent Film & Television Alliance ("IFTA"). At the hearing, the Court again reiterated its inclination to grant the Motion and suggested that **(1)** the parties determine "which" of the two pending IFTA arbitrations he should "refer" Plaintiff's Federal Case to as part of his order granting the Motion, and **(2)** perhaps the arbitrator could order both of the pending arbitrations consolidated.

The Court continued the hearing to September 12, 2019 and ordered the parties to submit this joint status report to report on the progress finding answers to these questions. In summary, as further described below, the arbitrator appointed to date has pointed out that, if the Court is inclined to grant the Motion, the Motion should simply be granted without addressing either point.

**II.     POINTS MADE BY ARBITRATOR AT CONFERENCE.**

Attorney Roy G. Rifkin, Esq., of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP ("Arbitrator Rifkin") is the assigned arbitrator for the earliest IFTA arbitration, Arb. 19-18 (the "First Arbitration"). No arbitrator has been assigned to the second IFTA arbitration, Arb. No. 19-19 (the "Second Arbitration").

On September 4, 2019, Arbitrator Rifkin held a one-hour telephone conference regarding the Court's two questions described above concerning the Motion to Compel Arbitration.

As to "which" pending arbitration the Court should "refer" Plaintiff to, Arbitrator Rifkin pointed out that:

(1) Plaintiff's recourse if the Motion is granted is to file her own arbitration including all parties;

(2) Neither arbitration appropriately supports a "referral" because neither arbitration contains all of Plaintiff's actual copyright claims;

(3) Arbitrator Rifkin does not have all parties to the Federal Case before

him in the First Arbitration; and

(4) The arbitrator appointed to Plaintiff's arbitration must successfully review and clear any conflicts, which is premature at this time because all the parties are not before Arbitrator Rifkin at this time.

As to the Court's suggestion that the arbitrator consolidate the already pending arbitrations, Arbitrator Rifkin pointed out:

(1) Consolidation of the First and Second Arbitrations is not a critical concern because the Second Arbitration is one for indemnity which, as a practical matter, is premature because it can be resolved only after a hearing on the First Arbitration in any event.

(2) Arbitrator Rifkin is appointed for only the First Arbitration and thus has no power over the Second Arbitration, and no authority or ability at this time to order that second arbitration consolidated with the first

### III. THE PARTIES SUGGESTIONS.

**A. Plaintiff's Suggestion.**

The court should allow the September 25th hearing between Plaintiff and Charis Feeney-Orchard to go forward and the motion to send this case to arbitration should be denied. This is in keeping with IFTA rules, which require a hearing within 120 days, and which do not provide for consolidation of cases. Also, as Arbitrator Rifkin has pointed out, Defendant's claim for indemnity is premature. None of the Defendants in the Federal Case have been ordered to pay any money to Plaintiff. Therefore, the whole basis for Defendants motion to send the present case to arbitration is wrong. As there is no active indemnification claim against any of the Defendants, there is no need to consolidate anything and the Federal Case should continue.

**B. Defendant Adler's Suggestion.**

As Arbitrator Rifkin respectfully suggested, the proper procedure for ruling

on the Motion would be for the Court to simply grant the Motion using the standard form of order whereby the court stays or dismisses the action. Plaintiff will then either file her copyright claims against all parties in arbitration or abandon her case. If Plaintiff does choose to file an arbitration to adjudicate the copyright claims against all parties, then Plaintiff remains subject to the IFTA arbitration clause and must proceed through an IFTA arbitration. Arbitrator Rifkin will, in the interest of justice, enter an order staying the hearing on the First Arbitration as needed while all pending arbitrations are procedurally addressed. If needed, the parties, or some of them, may seek to have Arbitrator Rifkin appointed as arbitrator in Plaintiff's newly filed copyright infringement arbitration against all parties (after clearance of any conflicts), after which point he would be able to consolidate the arbitrations in the interest of justice and proceed in one venue.

### IV.  NEXT ARBITRATION HEARING

Arbitrator Rifkin has set another telephonic hearing in the First Arbitration for September 16, 2019, with the expectation that he will be apprised of the outcome of the Court's September 12, 2019 hearing in the Federal Case.

Respectfully submitted:

DATED: September 10, 2019         LAWRENCE & ASSOCIATES
                                                           Attorneys at Law

                                                  By: /s/ Amy B. Lawrence
                                                           Amy B. Lawrence
                                                           Attorneys for Defendant
                                                           ADLER & ASSOCIATES
                                                           ENTERTAINMENT, LLC

DATED:  September 10, 2019            LITCHFIELD CAVO LLP


                                      By: /s/ Marc V. Allaria
                                         Marc V. Allaria
                                         Attorneys for Defendant
                                         DREAMSCAPE MEDIA LLC


DATED:  September 10, 2019            DOLL AMIR & ELEY LLP


                                      By: /s/ Brett H. Oberst
                                         Brett H. Oberst
                                         Attorneys for Defendant
                                         AMAZON.COM, INC.

DATED:  September 10, 2019            LAW OFFICES OF LARRY ZERNER


                                      By:  /s/ Larry Zerner
                                         Larry Zerner
                                         Attorneys for Plaintiff
                                         Kimberly Boyle

---

**JOINT STATUS REPORT**