Larry Zerner (SBN 155473)
Law Offices of Larry Zerner
1801 Century Park East, Ste. 2400
Los Angeles, CA 90067
(310) 773-3623
Email: Larry@ZernerLaw.com

Attorneys for Plaintiff KIMBERLY BOYLE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BOYLE<br><br>                    Plaintiff,<br><br>         vs.<br><br>ADLER & ASSOCIATES ENTERTAINMENT, LLC, a California LLC; AMAZON.COM, INC., a Delaware corp.; DREAMSCAPE MEDIA, LLC., an Ohio LLC; and DOES 1-10, inclusive,<br><br>                    Defendants | Case No.: 2:19cv00893-GW(SKx)<br><br>PLAINTIFF'S REPLY BRIEF RE MOTION FOR EITHER 1) AN ORDER THAT DEFENDANTS COMPLY WITH THE COURT'S ORDER OF 9/12/19 AND PARTICIPATE IN AN IFTA ARBITRATION OR, IN THE ALTERNATIVE 2) SENDING THE CASE BACK TO FEDERAL COURT<br><br>DATE: December 23, 2019<br>TIME: 8:30 a.m.<br>COURTROOM: 9D |

## I.    DEFENDANTS OPPOSITION IS BASED ON THE CONTENTION THAT PLAINTIFF FAILED TO DO SOMETHING WHICH DEFENDANT DID NOT ASK FOR AND WHICH THE COURT NEVER MENTIONED

Adler's Opposition (and Motion to Dismiss) are based on the contention that Plaintiff is somehow in violation of the Court's order of September 12, 2019 because Plaintiff did not consolidate the copyright infringement case against Defendants with the arbitration between Plaintiff and Orchard that was scheduled for hearing two weeks after the court's order.

It is difficult to imagine how Defendants can plausibly argue that Plaintiff is in violation of this court's order considering that

1) Nowhere in Adler's Motion did it ever ask the court to compel consolidation or even refer to consolidation;

2) the Court did not order Boyle to consolidate the copyright infringement claim against Defendants with the scheduled arbitration between Boyle and Orchard (in fact, the word "consolidation" does not appear in the Court's order or the tentative ruling); and

3) IFTA arbitration rules do not provide for consolidation of cases.

Plaintiff is at a loss as to how Adler can seriously contend that Plaintiff is in violation of something that the court did not order and Defendants did not ask for. Defendants are simply trying to take advantage of the fact that 9/12/19 order did not include language stating that the parties were required to engage in IFTA Arbitration.  Had the order done so, IFTA would have accepted jurisdiction of the case and Defendants could not play these games.

Defendants' Motion to Compel Arbitration solely requested the Court for an order to "*(1) compel . . . Boyle . . . to submit all of her claims in this case to arbitration pursuant to the agreements to arbitrate contained within Boyle's written screenplay option and purchase agreements as well as the arbitration clauses contained in subsequent agreements for the distribution of the film and/or (2) dismiss and/or stay this action pending completion of arbitration*." (Motion to

Compel Arbitration 5/22/19 p.2:7-12). Defendants did not move the court to either consolidate the arbitrations or to stay the arbitration hearing scheduled for 9/25/19.

On 9/12/19, the court issued an order granting the motion.  The order stated, in pertinent part, "*Based on the Tentative issued on July 15, 2019, and for reasons stated on the record, Defendant's Motion to Compel is GRANTED*."  Again, nothing in the 7/15/19 Tentative Ruling mentioned or referred to consolidation or a stay of the Boyle/Orchard arbitration.

Plaintiff is now trying to do what Defendants requested and the Court ordered, submit the claims in this case to arbitration pursuant to the agreements. However, Defendants have refused to cooperate.

## II.    DEFENDANTS' ARGUMENT THAT PLAINTIFF HAS REFUSED TO ARBITRATE IS NONSENSICAL

Defendants argue that the case should be dismissed because Plaintiff "refused to arbitrate."  This is absurd.  Plaintiff has brought this motion precisely because *Defendants* have refused to arbitrate.  Plaintiff stands ready and willing to proceed with arbitration, but Defendants refused to sign the stipulation so that IFTA can open the file.

Defendants actual argument is not that Plaintiff is refusing to arbitrate. It is that Plaintiff declined to consolidate the copyright infringement claims against Defendants with the ongoing arbitration claim against Orchard.  But, as stated above, Defendants did not move the court for an order compelling consolidation, and the court never ordered Plaintiff to consolidate this copyright infringement lawsuit. Defendants fail to point to any language in the court's order which Plaintiff violated (in letter or spirit).  Indeed, it could not, because the court's order makes no mention of consolidation and in no way reflects Defendants position that Plaintiff was barred from proceeding with the 9/25/19 arbitration with Orchard.

Plaintiff's Reply Brief

Further, Defendants never asked the court to stay the Boyle/Orchard arbitration, despite apparently believing this litany of woes would befall them if the arbitration proceeded without them.

Instead, Defendant just points to its own self-serving statement in the Joint Statement filed on 9/10/19 as if that is of any legal effect.  In fact, further in the Joint Statement it specifically states that Arbitrator Rifkin couldn't even consolidate the First Arbitration with the Second Arbitration (Joint Statement p.3:11-13).

What's really going on is that Defendants, having chosen to force this case to arbitration, are upset at the arbitrator's ruling and are throwing a temper tantrum The Court should keep in mind that Orchard didn't lose the arbitration because she was unrepresented at trial.  She lost because her position that the Option Agreement required a $3,750 purchase price (and not $125,000) was "not a reasonable one" and "defied logic."  (Final Award p.4)

## III. DEFENDANTS CANNOT HAVE ORCHARD TESTIFY AT THE ARBITRATION ABOUT THE MEANING OF THE CONTRACT BECAUSE THE CONTRACT IS NOT AMBIGUOUS

Defendants claim that they will be prejudiced if they are forced to arbitrate the claims because Orchard may not appear at the arbitration.  But when this matter does go to arbitration, Orchard is not going to be able to testify because Defendants cannot introduce extrinsic evidence to explain the meaning of an unambiguous contract. "[W]here the words of a contract in writing are clear and unambiguous, its meaning is to be ascertained in accordance with its plainly expressed intent." *Am. Fed'n of Musicians of United States & Canada v. Paramount Pictures Corp.,* 903 F.3d 968, 977 (9th Cir. 2018).  The Option Agreement is not ambiguous because "a contract term is ambiguous only if 'multiple reasonable interpretations exist.'" *Id.*

**Plaintiff's Reply Brief**

As Arbitrator Rotstein already decided, Orchard's (and Defendants) position that the purchase price was $3,750 is not reasonable looking at the entire contract, not just because the idea that Boyle was agreeing to sell her movie rights for $3,750 is ludicrous on its face, but because the other terms of the Option Agreement make clear that Purchase Price was $125,000. For example, further down in the Option Agreement, there is a provision for payments for sequels, remakes and other ancillary works. The Option Agreement sets the following prices:

"(a) Theatrical Sequels: ½ of the Purchase Price and ½ of contingent compensation percentages.

(b) Theatrical Remakes: 1/3rd of Purchase Price and 1/3rd of contingent percentage.

(c) Mini-series/MFT: $15,000 per hour for the first two hours, cap at $90k; proration for partial hours

(d) Episodic: $5,000/90 min; $3,500 hour; $2,500/half hour . . ." (A copy of the Option Agreement is attached to Defendants' Opposition Brief, p.68)

For Defendants' interpretation to be correct then Orchard was agreeing that if Orchard produced a movie for television (a "MFT"), Orchard would pay Boyle $30,000 for a two-hour movie for television (or *8 times* what was being paid for a theatrical movie). And if Orchard had made a 90-minute television episode she would pay $5000 (or $1,250 *more* than the price of a feature film.).

Under Defendants interpretation, if the movie was a hit and produced multiple sequels, Boyle had agreed to accept $1,875 for that sequel, no matter what the budget of the subsequent film was.

One does not have to be steeped in the movie business to understand that is not how movie deals work. Television movies and series rights are not sold for more than the feature film rights.  Orchard's position was and is, an after-the-fact

justification to avoid paying Boyle the purchase price.  It was never a reasonable position and Arbitrator Rifkin rightly found that to be the case.

As there is no ambiguity in the option agreement, Defendants will not be allowed to introduce extrinsic evidence from Orchard during the arbitration and their argument about prejudice is just a smokescreen to distract from their failure to comply with the court's ruling and participate in the arbitration.

Further, Adler's position that the issue of the meaning of the contract needs to be relitigated in the new arbitration directly contradicts what it wrote in the 5/22/19 Motion to Compel Arbitration.  In that motion, Adler argued that if the court did not compel arbitration, it should stay the pending lawsuit because the Boyle/Orchard arbitration would "***resolve the interpretation of the purchase price requirements under the Rights Agreement – and ultimately – the issue of ownership of the copyright to the Screenplay.***" (Motion to Compel Arbitration p.20:13-15 Emphasis added).

For Adler to argue in one motion that the Boyle/Orchard arbitration resolves the issue of the payment price, and now claim, after the issue did not go their way that the issue must be relitigated reaches a level of insincerity that is mind-boggling.  The fact that Adler is now arguing the exact opposite of what it argued in May, show that it will argue anything, without any regard to its truth, or its legal or factual merits.

## IV.   DEFENDANTS' "PREJUDICE" IS IRRELEVANT

Even if Defendants were allowed to introduce testimony from Orchard during the arbitration, their argument that they are prejudiced is completely irrelevant.  As Plaintiff has not violated or refused to comply with any court order, and as Defendants never moved the court to consolidate the cases, Defendant cannot complain that Orchard will not attend the hearing.

Further, if Defendants feels that they are at a disadvantage because they cannot compel Orchard's attendance at a subsequent arbitration, that is because of their own actions. Defendants could have chosen to remain in Court and therefore have the ability to subpoena Orchard (at least for a deposition) and obtain her testimony. Defendants chose to instead have the matter heard before IFTA, which does not provide for discovery. Defendants cannot choose to move the case to arbitration, and then complain when it does not provide them with the benefits of the court system. There is an old joke about the child who murders his parents and then throws himself on the mercy of the court because he is now an orphan. Defendants are making the arbitration version of this argument. They demand arbitration and when their wish is granted, complain that it doesn't have the benefits that the court system provides. If Defendants wish to have the opportunity to conduct discovery and depose Orchard, they can certainly take back their motion and we can continue this matter in the District Court.

It should also be noted that during the hearings on this matter, it was discussed as a possibility that court might order the present case to be tried not with the Boyle/Orchard arbitration which was scheduled for 9/25/19, but with the as yet unscheduled Adler/Orchard arbitration. Had the court issued an order requiring Boyle to consolidate this case with the Adler/Orchard arbitration, Defendants would be in the exact same position that they are now, with the Boyle/Adler arbitration having concluded and no ongoing agreement between Boyle and Adler. Yet at no time during either of the hearings did any of the Defendants state that if the court required consolidation with the Adler/Orchard arbitration, instead of the Boyle/Adler arbitration then they would refuse to take part.

Nor did Defendants at any time in the hearing argue that they would suffer this irreparable "prejudice" if the Boyle/Orchard arbitration proceeded without

Plaintiff's Reply Brief

consolidation despite knowing that the arbitration was scheduled to occur in two weeks.

Defendants' refusal to participate in the arbitration and the filing of a motion to dismiss is purely a delay tactic by Defendants and an effort to increase the time and expense of this litigation.  As such, it is a violation of California Rules of Professional Conduct which states: "In representing a client, a lawyer shall not use means that have no substantial purpose other than to delay or prolong the proceeding or to cause needless expense.  The court should absolutely sanction Defendants for refusing to participate in an arbitration *that they asked for,* and for filing a frivolous motion to dismiss Plaintiff's case.

DATED: December 9, 2019                    LAW OFFICES OF LARRY ZERNER

By:  __/s/Larry Zerner_____
Larry Zerner
Attorney for Plaintiff Kimberly Boyle