Amy B. Lawrence, Esq. - Bar # 115874
LAWRENCE & ASSOCIATES
Attorneys at Law
2550 N. Hollywood Way, Suite 202
Burbank, CA 91505
Telephone: (818) 843-6442
Facsimile: (818) 566-7875
Email: ablawrence@lawandassoc.com

Attorneys for Defendant
ADLER & ASSOCIATES ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BOYLE<br><br>Plaintiff,<br><br>vs.<br><br>ADLER & ASSOCIATES ENTERTAINMENT, LLC, a California LLC; AMAZON.COM, INC., a Delaware corp.; DREAMSCAPE MEDIA, LLC, an Ohio LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:19CV00893-GW(SKx)<br><br>**REPLY RE DEFENDANT ADLER & ASSOCIATES ENTERTAINMENT, LLC'S MOTION TO DISMISS BASED UPON PLAINTIFF KIMBERLY BOYLE'S FAILURE TO INCLUDE DEFENDANT IN ARBITRATION PROCEEDINGS IN CONTRAVENTION OF PRIOR COURT ORDER COMPELLING PLAINTIFF TO ARBITRATE**<br><br>Date: January 2, 2020<br>Time: 8:30 am<br>Courtroom: 9D<br><br>Judge: Hon. George H. Wu |

**1.   INTRODUCTION.**

Boyle's Opposition is breathtaking as much for what is says as for what it does not. When faced with Adler's motion to dismiss - a full length motion supported by numerous citations to authority, evidence and extensive supporting

---

**DEFENDANT ADLER'S MOTION TO DISMISS**

arguments as to why Boyle's case must be dismissed *with prejudice* - Boyle has chosen to respond by filing an opposition that fails to submit any controverting authority concerning waiver and/or abandonment, and further fails to be supported by any admissible evidence whatsoever. For this reason alone, Boyle's arguments fail.

In any event, Boyle's paltry "points" in the Opposition are readily dismissed for the reasons set forth below.

## II. ADLER'S "CONSOLIDATION" ARGUMENTS ARE RED HERRINGS AND WITHOUT MERIT.

First, Boyle's suggestion that "consolidation" was a necessary step which *Adler* failed to take is readily proven false by a review of "consolidation" case law itself. The "consolidation" cases all involve *two separate arbitration agreements* upon which two separate arbitrations could have been and/or in fact were initiated. Courts granting or declining "consolidation" refer to the contents of *both* of the arbitration agreements to determine the contractual right to "consolidation." *See e.g., Atlas Plastering, Inc. v. Superior Court* (1977) 72 Cal.App.3d 63, 68. Here, where arbitration was ordered based upon "equitable estoppel" rather than a second arbitration agreement, the legal theory of "consolidation" is wholly inapplicable.

Second, Boyle's suggestion that Adler carried the burden to ensure that all copyright defendants were joined in the arbitration is also false. As set forth in the Motion, once the Court ordered Boyle to arbitration upon "*equitable estoppel*" grounds, the burden fell to *Boyle* to include all of the copyright defendants in one proceeding - by simply filing and pursuing a single copyright action against all of them. Adler, for its part, presented in its motion the authority the evidence that such end was not only obtainable but that, as set forth in the Joint Report, the IFTA arbitrator himself had opined on the method by which Boyle could and should do so, and that all parties would have joined.

2

Third, Boyle's claim that IFTA's rules do not provide for "consolidation" fails because Boyle has entirely failed to provide this Court with any admissible evidence to support her claim. Boyle has not only failed to admit into evidence ITFA's rules, but she has failed to explain how her use of the word "consolidation" applies thereto (which is used incorrectly, as described above) or why the rules would prevent Boyle from effecting a single arbitration. Indeed, the mere fact (without limitation) that an IFTA arbitrator himself opined on the method by which Boyle could and should bring all parties into one arbitration demonstrates that Boyle was capable of doing so through IFTA.

Fourth, Boyle's evidence does not support that Director/Producer refused "to dismiss" or otherwise include the other parties *represented by counsel* in her arbitration. Her counsel's declaration regarding his settlement efforts in no manner suggests that Boyle would have refused such a single arbitration. Indeed, Boyle's counsel's declaration is entirely silent as to whether he even suggested to or asked Director/Producer to do so, and the Court should take such silence as an admission that he did not. More to the point, as Adler's counsel's declaration submitted with the motion makes clear, in ¶23, Boyle <u>refused</u> to agree to include all parties in a single arbitration at the time.

Fifth, Boyle's claim that Adler's motion did not envision one single arbitration is readily rebutted by the evidence in the Motion itself, which establishes that all parties - including Boyle - knew that all copyright defendants and the IFTA arbitrator himself envisioned a single arbitration and that the Court entered its order compelling arbitration informed by the parties' Joint Report.

Finally, Boyle's opposition is clear in its silence: Boyle does not dispute and thus wholesale concedes that Boyle did *nothing* to attempt to bring all parties into one "equitable estoppel" based arbitration *prior to arbitrating with Director/Producer.* Boyle's adoptive admission is in and of itself proof of Boyle's waiver and/or abandonment supported in the Motion. Boyle's counsel

3

**DEFENDANT ADLER'S REPLY RE MOTION TO DISMISS**

1 simply declares (through evidence made inadmissible by the settlement
2 communication privilege) that he tried - on the very eve of the first arbitration -
3 to settle with Director/Producer before the first arbitration. However, those last
4 minute efforts had no bearing on Boyle's obligation to take steps prior to then
5 include all defendants in the first arbitration. In other words, Boyle cannot now
6 claim that including all defendants in one arbitration was "impossible" precisely
7 because Boyle refused to do so[1]. Instead, Boyle simply proceeded in a manner
8 that was beneficial to Boyle, yet unduly and severely prejudicial to Adler, and
9 Boyle's case must now be dismissed.

### III. BOYLE'S ARGUMENTS FAIL TO REFUTE THE PREJUDICE CAUSED TO ADLER

As a first argument for why Adler will not be prejudiced by a second arbitration, Boyle attempts to argue *the merits* of the dispute, claiming that the arbitrator could not allow Writer/Director to testify about the meaning of the parties' compensation terms in the agreement because there is no ambiguity. This argument, too, is a red-herring. This Court's own Order compelling arbitrator clearly sets forth ambiguity in and dispute over the parties' interpretation of the agreement, because it is in part this very dispute which forms the basis for equitably ordering Boyle to arbitrate against Adler. Under the regular rules of evidence, Adler would likely be allowed to submit evidence of the contracting parties' communications so the Court may make a better informed interpretation thereof. Pacific Gas & E. Co. v. G. W. Thomas Drayage etc. Co. (1968) 69 Cal. 2d 33 (extrinsic evidence is admissible to prove a meaning to which the language of a contract is reasonably susceptible, even though on its "four corners" the instrument appears to the court to be clear and

---

[1] It is noteworthy that Boyle finally submitted a Stipulation to include everyone (<u>except</u> Director/Producer) in a single arbitration only <u>after</u> the unrepresented Director/Producer was picked off.

4

DEFENDANT ADLER'S REPLY RE MOTION TO DISMISS

unambiguous). Moreover, the Court has no authority or ability to determine what an arbitrator may or may not admit as evidence at a second arbitration, given that the arbitrator is not bound to traditional rules of evidence. In any event, as Adler's motion reflects, Adler would not have called Writer/Director to "opine" on the meaning of the contract, but to produce and otherwise authenticate evidence reflecting the parties' own conversations from which the arbitrator in the first arbitration could have come to a different conclusion than he did. Adler has been forever barred from that critical evidence and defense.

Indeed, the mere fact that Boyle now argues that "the arbitrator has already decided" various issues in the first arbitration - which Boyle seeks to be binding in the second arbitration - itself demonstrates prejudice to Adler in having a full and fair arbitration with *Adler*'s presented evidence before an independent and fresh eared arbitrator.

Finally, in one fell swoop, Boyle attempts to negate *all* of Adler's examples of prejudice by claiming - again without citing authority - that prejudice to Adler is "irrelevant." **In so arguing, Boyle in effect admits that the prejudice to Adler is "real" but in essence claims that the Court is powerless to do anything about it**. Adler's myriad of authorities in its motion provide otherwise. Given that "equity" formed the basis of the Court's arbitration order in the first place, the Court must continue to act equitably - which necessarily requires the Court to protect Adler from the prejudice and unfair advantage Boyle intentionally created to her benefit.

### IV. BOYLE'S ANALYSIS OF TILLMAN IS INAPPOSITE BECAUSE BOYLE REQUESTS ADLER TO ENTER INTO A WHOLLY NEW AND SEPARATE ARBITRATION AGREEMENT.

Boyle falsely claims that *Tillman v. Tillman* 825 F.3d 1069 (9th Cir. 2016) is the only authority cited by Adler to support dismissal; Adler's motion reflects otherwise. In any event, Adler's analysis of *Tillman* places it on its head

**DEFENDANT ADLER'S REPLY RE MOTION TO DISMISS**

by equating an inability to pay for a first arbitration with Adler's refusal to enter into a wholly new and separate agreement for a second arbitration. As discussed in the Motion, Adler had and has no obligation to (and the Court cannot mandatorily compel Adler to) "sign a stipulation" which is in fact its own, separate agreement to arbitrate. Had Adler refused to join the <u>first</u> arbitration, ***then*** Adler would have no grounds to request dismissal because Adler would be the cause for her own failure to participate therein - Boyle would have no culpability. Instead, when Boyle proceeded with the first arbitration without Adler (her second refusal to arbitrate) and caused the significant prejudice to Adler, Adler had absolutely no control over Boyle's decision - Adler could hardly be able, allowed or required to join or intercede in an ongoing arbitration on her own volition. Under these facts, ***Boyle*** retains the culpability for the prejudice, and thus the Court should dismiss her suit with prejudice based thereon.

## V.   CONCLUSION.

As Boyle cannot now claim a "good faith" intention or right to proceed with a "second" arbitration or in court, Adler respectfully requests the Court to dismiss this action in its entirety with prejudice.

Respectfully submitted,

DATED: December 19, 2019

LAWRENCE & ASSOCIATES
Attorneys at Law

By: _____
Amy B. Lawrence
Attorneys for Defendant
ADLER & ASSOCIATES
ENTERTAINMENT, LLC

6

**DEFENDANT ADLER'S REPLY RE MOTION TO DISMISS**

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **2550 Hollywood Way, Suite 202, Burbank, California 91505.**

On December 19, 2019 I served the foregoing document described as **REPLY RE DEFENDANT ADLER & ASSOCIATES ENTERTAINMENT, LLC'S MOTION TO DISMISS BASED UPON PLAINTIFF KIMBERLY BOYLE'S FAILURE TO INCLUDE DEFENDANT IN ARBITRATION PROCEEDINGS IN CONTRAVENTION OF PRIOR COURT ORDER COMPELLING PLAINTIFF TO ARBITRATE** on the interested parties in this action by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY REGULAR MAIL:** I deposited such envelope in the mail 2550 Hollywood Way, Suite 202, Burbank, California 91505. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☐ **BY OVERNIGHT DELIVERY:** I caused such documents to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressees. The envelope or package was deposited with delivery fees thereon fully prepaid.

☐ **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) via electronic mail, and no error was reported. Said email was directed as indicated on the service list.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☑ **BY CM/ECF:** I electronically transmitted a true copy of said document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the aforementioned CM/ECF registrants.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 19, 2019, at Los Angeles, California.

_____
Raisa Rosa

---

**DEFENDANT ADLER'S MOTION TO DISMISS**

## SERVICE LIST

| Larry Zerner<br>LAW OFFICES OF LARRY ZERNER<br>1801 Century Park East, Suite 2400<br>Los Angeles, CA 90067 | E: larry@zernerlaw.com<br><br>Tel: (310) 773-3623<br>Fax: (310) 388-5624<br><br>*Representing plaintiff Kimberly Boyle* |
|---|---|
| Gregory L. Doll<br>Jamie Olivia Kendall<br>Brett H. Oberst<br>Doll Amir & Eley LLP<br>725 South Figueroa Street, Suite 3275<br>Los Angeles, CA 90017 | E: boberst@dollamir.com<br>gdoll@dollamir.com<br>jkendall@dollamir.com<br><br>Tel: (213) 542-3380<br>Fax: (213) 542-3381<br><br>*Representing Defendant Amazon.com* |
| Marc Victor Allaria<br>Litchfield Caov LLP<br>251 South Lake Avenue Suite 750<br>Pasadena, CA 91101 | E: allaria@litchfieldcavo.com<br><br>Tel: (626) 683-1100<br>Fax: (626) 683-1113<br><br>*Representing Defendant Dreamscape* |